VOGUE CLEANERS & DYERS, INC., v. BERKOWITZ.

1. APPEAL AND ERROR—CHANCERY APPEALS HEARD DE NOVO.
   The Supreme Court hears chancery appeals *de novo*.

2. SAME—FINAL DECREE—RECORD.
   The Supreme Court will consider and determine all the essentials to a final decree where it has all the necessary testimony before it on a chancery appeal.

3. SAME—REMAND—DAMAGES—FURTHER TESTIMONY.
   Under order of remand directing that trial court make determination as to damages, if any, without express restriction as to whether or not further testimony could be taken, it was error for trial court to exclude testimony bearing upon the amount of damages.

Appeal from Wayne; George (Fred W.), J., presiding. Submitted January 8, 1941. (Docket No. 29, Calendar No. 41,304.) Decided March 11, 1941.

Bill by Vogue Cleaners & Dyers, Incorporated, a Michigan corporation, against Morris Berkowitz to restrain the soliciting of business from a customer and for money damages for breach of contract. On motion for determination of damages after remand by Supreme Court. Decree for plaintiff. Defendant appeals. Decree set aside and proceedings remanded.

*Arthur L. Robbins,* for plaintiff.

*Harry N. Grossman,* for defendant.

NORTH, J. This litigation was before this Court on a former occasion and the background of the present appeal will be found in *Vogue Cleaners &*

*Dyers, Inc.,* v. *Berkowitz,* 292 Mich. 575. Our conclusion in the cited case is stated as follows:

"In our opinion there was a breach of the contract by defendant and plaintiff is entitled to such damages as were occasioned by the breach. Under the opinion of the trial court no determination of damages was made. The cause is reversed and referred to the trial court for such determination, if any."

At the hearing on remand to the circuit court, defendant sought to take further testimony bearing upon the amount of damages, if any, that should be equitably decreed to plaintiff. The circuit judge sustained plaintiff's objection to taking such testimony. This ruling was erroneous and deprived defendant of the right to establish facts which he claims would minimize the amount of damages.

Seemingly the ruling of the circuit judge arose from his conclusion that the above-quoted portion of our opinion limited the proceedings on remand to consideration of the testimony theretofore taken in the case. Our order remanding should not have been so construed. We hear chancery appeals *de novo;* and had the necessary testimony been already in the record on the former appeal in this case we would have considered and determined all essentials to a final decree. Our order remanding, there being in it no express restriction as to taking further testimony bearing upon the amount of damages, clearly left to each of the parties the right to take further testimony on that phase of the case.

The decree entered in the circuit court is set aside and the case remanded to the trial court for further proceedings in accordance herewith. Costs of this appeal to appellant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.